# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-60634
Summary Calendar

Ana Maria Castaneda-Alvarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 202 144 107

Before King, Smith, and Wilson, *Circuit Judges.*

Per Curiam:*

Ana Castaneda-Alvarez, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). She avers that the BIA erred in affirming a decision of the immigration judge ("IJ"), who made adverse credibility determinations and denied her applica-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60634

tions for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We review only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Credibility determinations and determinations that an alien is not eligible for asylum, withholding of removal, or relief under the CAT are factual findings that are reviewed under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004). Under the substantial evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

Castaneda-Alvarez argues that the adverse credibility finding was in error because the internal inconsistencies within her testimony, and the inconsistencies among her testimony, prior statements, and documents submitted in support of her application, were immaterial to the heart of her testimony. The IJ, however, was permitted to rely on any inconsistency to determine Castaneda-Alvarez's credibility, *see Avelar-Oliva*, 954 F.3d at 768, and the determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Wang*, 569 F.3d at 538-39.

Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Castaneda-Alvarez was credible. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Substantial evidence supports the BIA's determination that the lack of credible evidence precludes Castaneda-Alvarez from meeting her burden of proof for asylum, withholding of removal, or relief under the CAT, and we need not address any alternative reasons for denying her claims. *See*

No. 20-60634

*Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020); *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Accordingly, the petition for review is DENIED.